IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE M. HOWE,

                     Plaintiff,

v.                                              OPINION & ORDER

RACINE COUNTY JAIL SHERIFF                   17-cv-951-jdp
DEPARTMENT,

                     Defendant.

---

Pro se plaintiff Jesse M. Howe brings this civil complaint under 42 U.S.C. § 1983 alleging that he was falsely imprisoned in the Racine County Jail. The court has granted Howe leave to proceed *in forma pauperis*. Dkt. 7. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). After reviewing Howe's complaint with this principle in mind, I conclude that the complaint must be dismissed because it is barred by the statute of limitations and thus, fails to state a claim upon which relief may be granted.

ALLEGATIONS OF FACT

I draw the following facts from Howe's complaint, Dkt. 1 and Dkt. 4, and publicly available court records.

In 2004, a man was arrested and charged with retail theft, obstructing an officer, and disorderly conduct in Racine County Case Number 2004-CM-2385. He told the police and the judge that his name was Jesse M. Howe, but in fact, his name was Jason Miller.

The case continued against "Howe." Miller posted bond and was released. The judge warned him that a warrant would be issued for his arrest if he failed to appear at his next scheduled court appearance. In October 2004, Miller didn't show up to a court appearance in his case. As a result, a warrant was issued for Howe's arrest.

Sometime in 2005 (Howe seems to indicate October, but court records show April), Madison police officers Pharo and Vandervest ran into Howe while they were investigating an alleged attempted drug sale at a gas station. When Pharo ran Howe's name through a database, he discovered the outstanding arrest warrant in Racine County, so the officers arrested Howe and took him to the Dane County Jail. After two days, Howe was transported to the Racine County Jail.

Every day Howe was in jail, he told jail officials that they had the wrong guy. He asked them to compare his fingerprints to the prints on file from the 2004 arrest to prove that he was not the individual they wanted. He asked them to look at the mug shot from the 2004 arrest to prove that he was not the individual they wanted. But for days (Howe doesn't explain how many), he was ignored. Finally, the Racine County Court held an emergency hearing, determined that the fingerprints of the individual arrested in 2004 did not match Howe's fingerprints, and released Howe. Later, the court granted the state's motion to dismiss the case because it named the wrong defendant.

ANALYSIS

Howe contends that the Racine County Sheriff Department violated his constitutional rights by falsely imprisoning him without a prompt judicial determination of probable cause. This case might well proceed if it were timely, but it is not. I must dismiss the complaint because it is barred by the statute of limitations.

Neither 42 U.S.C. § 1983 nor 42 U.S.C. § 1988 contains a statute of limitations. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Federal courts apply the state statute of limitations for personal-injury suits to actions under § 1983. *Id.* Here, Howe's injury occurred in Wisconsin, so Wisconsin's six-year limitations period applies. *Id.* (citing Wis. Stat. § 893.53). This period began to run when Howe's constitutional rights were violated—that is, when he was first seized or, at the latest, when he was released from jail. *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir.), *cert. denied*, 138 S. Ct. 320 (2017).

A statute-of-limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002); *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002). That is the case here. Howe's complaint shows that all of the events at issue occurred in 2005 or earlier, which is more than six years before the filing of his complaint on December 21, 2017.

ORDER

IT IS ORDERED that:

1. Plaintiff Jesse M. Howe's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered February 5, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge